**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/14/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 19 Cr. 862 (VEC)

UNITED STATES OF AMERICA

v.

MARK WOODS

**MOTION TO AMEND JUDGMENT PURSUANT TO FED. R. Crim. P. 36**

Now Comes, Defendant in the above titled action to respectfully move this Court to Amend it's Judgment pursuant to Fed. R. Crim. P. 36.

(1.) On or about May 19, 2021 defendant was transferred from N.Y. State prison to the MDC building in Brooklyn -- to face federal charges.

(2.) On or about November 29, 2022 defendant was sentenced in this Court to a 19 yr. sentence, after pleading guilty to conspiracy to distribute drugs.

(3.) As evidenced by page 28 of defendant's sentencing transcript, this Court stated on line 3 thru line 6 "I sentence you, Mr. Woods to the custody of the Attorney General for a period of 19 years concurrent to the undischarged portion of your state sentence to be followed by a period of supervised release of five years"

(4.) At some point in time, defendant's sentence, after sentencing, has been misstated/corrupted by virtue of a clerical error.

(5.) Despite this Court stated intent to run my federal sentence concurrent with the undischarged portion of my state sentence, this Court's stated intent has been sabotaged, and defendant's sentence has been effectively ran consecutive.

1 of 3

(6.) When this Court sentenced defendant on or about November 29, 2022, to said concurrent sentence -- defendant's federal sentence should have began on May 19, 2021 when defendant was transferred from State prison to the MDC building in New York to face said federal charges.

(7) Due to a clerical error, defendant's sentence is listed as begining on November 29, 2022 when defendant was actually sentenced in this Court, but said sentence fails to list that this Court did in fact, sentence defendant to a concurrent sentence (concurrent to State sentence)(See Sentencing Transcript.).

## LEGAL PRECEDENT

In case in which issue was whether district court's amendment of it's original judgment was correction of clerical error under Fed. R. Crim. P. 36, or alteration of defendant's sentence subject to seven day [now 14 day] limitation of Fed. R. Crim. P. 35(a) district court's amendment to restitution order more than decade after order was entered, which increased amount of restitution by $79.00, was affirmed because clerical revision revision did not substantively alter defendant's sentence, district court merely corrected it's original written judgment to conform with sentence announced orally, and time limitation of Rule 35(a) was inapplicable. See U.S. v. Spencer, 513 F.3d 490 (5th Cir. 2008)

As relevant here, Fed. R. Crim. P. 36 states: "After giving notice it considers appropriate, the Court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

2 of 3

Sentencing Court's order pursuant to Rule 36 clarifying it's intent to impose [Consecutive], rather than Concurrent sentence, did not constitute new sentence increasing defendant's punishment and violating double Jeopardy clause, where record clearly disclosed sentencing court's unequivocal intent to impose consecutive sentence. U.S. v. McAfee, 832 F. 2d 944 (5th Cir. 1987).

Again, Rule 36 of the Fed. R. Crim. P. states: "after giving any notice it considers appropriate, the court may at any time correct a clerical error in a Judgment, order, or other part of the record, or correct an error in the record arising from oversight or omissions." Borrowing from the Fifth Circuit standard for Fed R. Crim. P. 60(a), this Court has held that a clerical error "must not be one of Judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." U.S. v. Guevremont, 829 F. 2d 423, 426 (3rd. Cir. 1987)

Defendant has hereby demonstrated to this Court that this Court does maintain the authority to restate my sentence in a manner where the Clerk, BOP, or anyone else will easily realize that my sentence was actually ran Concurrent.

Respectfully Submitted,
Marks Woods
3/9/23

Mr. Woods motion to amend the judgment in this matter is DENIED. The judgment in this matter correctly states that Mr. Woods' sentence is "to be served concurrent to the undischarged portion of the defendant's state sentence." Judgment, Dkt. 897 at 2. If Mr. Woods wishes to challenge the computation of his sentence in federal court, he must file a habeas petition pursuant to 28 U.S.C. § 2241 in the jurisdiction in which he is incarcerated. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (Sotomayor, J.); *Reyes-Cardenas v. Gonzales*, 2007 WL 1290141, at *5 (S.D.N.Y. Apr. 30, 2007). Venue over any § 2241 habeas petition is not proper in the Southern District of New York as Petitioner, the proper respondent, and the "records and witnesses pertinent to the petitioner's claim," are no longer located in this district. *Reyes-Cardenas*, 2007 WL 1290141, at *5; *see also Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 493-94 (1973). Because Mr. Woods is currently incarcerated at USP Canaan in Waymart, Pennsylvania, the proper venue is the Middle District of Pennsylvania.

SO ORDERED.

*Valerie Caproni*
03/14/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

